NO. 07-01-0485-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 15, 2002

_____

JESSIE LACY, APPELLANT

V.

POTTER COUNTY, ET AL., APPELLEES

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 13,896-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Samuel Brown Silverman appeals from the trial court's order granting taxing entities of Potter County excess proceeds from an order of sale in the amount of $5,036.28. Presenting two issues, he contends (1) the trial court's *ex parte* hearing denied him due process resulting in reversible error because he was not given notice under Rule 21a of the Texas Rules of Civil Procedure in a contested case where pleadings were properly served and a hearing date was set; and (2) the trial court's failure to respond to a timely

and proper request for findings of fact and conclusions of law is presumed harmful where Potter County, *et al.* was awarded *ex parte* all of the excess proceeds. For the reasons expressed herein, we reverse and remand.

In 1994, judgment was entered against Jessie Lacy for delinquent taxes on a parcel of real property and an order of sale for real property ensued to satisfy the debt. An excess of $5,036.28 was deposited with the Potter County Clerk in 1996 and a notice of excess funds was given to Jack Weinberger. Eunice L. Weinberger, Individually and as the Independent Executrix of the Estate of Jack Weinberger, the legal and equitable beneficiary of a deed of trust securing the purchase-money lien of the property against which taxes were assessed, assigned the lien to Silverman, who filed a petition to claim the excess proceeds. The Amarillo Hospital District, as a taxing entity of Potter County, filed an application for a portion of the excess proceeds to satisfy a medical debt of Jessie Lacy, deceased. On August 28, 2001, the trial court ordered that the hospital district recover $637.66 and that Silverman recover the remainder of the excess proceeds totaling $4,398.62. On September 4, 2001, the trial court set aside its August 28 order and granted a new hearing on the ground that the taxing entities had not been given notice of the hearing. Thereafter, Potter County filed a motion to release the entire amount of excess funds. Without notice to Silverman, on September 10, 2001, the trial court ordered the excess proceeds be released to the taxing entities of Potter County.

By its brief, Potter County candidly acknowledges and stipulates that the trial court's order of September 10, 2001 be reversed and the cause remanded to the trial court for further proceedings on the ground that no reporter's record of the hearing was made. Agreeing with Potter County we reverse the judgment of the trial court and remand the cause for further proceedings.

Don H. Reavis
Justice

Do not publish.